IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ART AND DRAMA THERAPY INSTITUTE, INC.<br>327 S Street, N.E.<br>Washington, D.C. 20002<br>    Plaintiff<br>v.<br><br>DISTRICT OF COLUMBIA<br> Serve: Mayor Vincent Gray<br> Serve: Irvin B Nathan, DC Attorney General<br>Serve: Wayne Turnage, Director, DHCF<br>Serve: Laura Nuss, Director, DDS<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br>    Defendants. | Civil Action No. 13 cv 01604<br>Judge |

**COMPLAINT FOR DAMAGES AGAINST THE DISTRICT OF COLUMBIA**
(Selective and Discriminatory Enforcement Disabilities Administration Rules Violations)

### Nature of Action

1. The original is suit for declaratory judgment, preliminary and permanent injunctive relief, and damages for Defendants violations of the Age Discrimination in Employment Act (29 USCS § 621, et seq.) as amended (hereinafter referred to as "ADEA"), and for retaliation under the District Columbia Human Rights Act, D.C. Code §§2515 and 1-2532, and for retaliation under D.C. Code §1-2525.

2. **This action was brought predominantly by both an** Elderly Black Indian and a Northern European provider of disabilities services to individuals in Washington, D.C. The District of Columbia ("District") has engaged in selective and discriminatory enforcement of its Disabilities Services Administration policies by threatening to close service providers who fail the D.C. Department of Disabilities Services' Provider Certification Review ("PCR") by

arbitrarily implementing the PCR and by arbitrarily scheduling selected providers for PCR review. Before closing the providers, the District placed the subject providers on its "DO NOT REFER LIST" and/or its "PROVIDER WATCH LIST", and stopped sending individuals with disabilities to the subject providers. The District failed to take less drastic and less discriminatory measures to ensure the health and safety of provider community and importantly, the rights of individuals with intellectual and developmental disabilities. For example, the majority of the twenty (20) providers on the DO NOT REFER LIST are elderly and/or African-American; 14 out of the twenty (20) providers have Evans class members; and lastly six (6) out of the six (6) providers on the PROVIDER WATCH LIST have Evans class members. It is beyond reasonable argument that the result of the PCR reviews, disparately impacts Elderly and African American providers who have Evans[1] class members. These unlawful actions by the District required the additional removal of control of the individuals and real property from the Plaintiff and similarly situated DDS services providers, by discriminatorily implementing the PCR and through lack of due process.

3. In addition to the aforementioned, Defendant has further unlawfully and unfairly burdened Plaintiff by a) unnecessarily requiring Plaintiff to undergo a payroll audit; b) unreasonably challenging the status of the certificate of occupancy at Plaintiffs building and location of over twenty years, c) arbitrarily accusing Plaintiff of failing to submit timely incident reports; and d) failing to timely submit the compliance documents thus causing elimination of fee-for-service day treatment services, and extreme hardship and financial loss to Plaintiff.

---

[1] Evans Class members refers to the unresolved matter Evans v. Fenty, Case No. 76-293 (ESH), USDC-DC. Herein it appears that the District is attempting use the PCR review process to obtain results with the noted individuals on the DO NOT REFER LIST AND PROVIDER WATCH LIST, which it has been unable to obtain from this Court.

2

4.   Defendant District of Columbia has discriminated on the basis of age, disability, and national origin by maintaining a substandard PCR review policy and system which unduly burdens disabilities services providers that have a high percentages of elderly and African American owners and Evans Class member individuals with disabilities. Furthermore, the Defendants have retaliated against Plaintiff in violation of the Age Discrimination in Employment Act and D.C. Code 1-2525.

### Jurisdiction and Venue

5.   Jurisdiction is conferred on this Court by 29 U.S.C.S. §621, §626 (c), et seq., 42 U.S.C. 1983, 28 U.S.C. § 1331, 28 U.S.C. §1343, and supplemental jurisdiction over the remaining claims exist under 28 U.S.C. §1367. Also, a federal question is presented.

6.   Venue is proper in this district under 28 U.S.C. §1391, because the claims arose in the District of Columbia, and the Defendant resides and does business in District of Columbia.

### Plaintiff

7.   At all times relevant hereto, the Plaintiff, ART AND DRAMA THERAPY INSITTUTE, INC. (hereinafter "ADTI") is a corporation doing business in the District of Columbia over twenty one (21) years by providing locally, nationally and internationally known exceptional and innovative services to individuals with intellectual and developmental disabilities. Plaintiff ADTI has at all times been qualified, licensed and capable of performing its job duties on behalf of Defendant.

8.   On or about August 12, 2013, Plaintiff ADTI received a written notice from Defendant DDS informing ADTI that future referrals would not be sent to it, which took effect on August 12, 2013.

9	On or about October 4, 2013, Plaintiff ADTI received a written notice from Barbara Stachowiak of DDS, that the PCR review must go forward on October 21-23, 2013, over ADTI's clear repeated objections and notice of a scheduling conflict. On information and belief, ADTI believes that if it is unable to participate in the arbitrarily scheduled PCR its provider services license will be terminated. Plaintiff ADTI employees over seventy persons.

9.	At all times relevant hereto, Plaintiff ADTI's owners are individuals over forty (40) years of age, one is Black Indian and the other is of Northern European dissent.

### Defendants

10.	The District of Columbia ("the District") is a municipal corporation, operating at times thru the DC Department of Disability Services ("DDS") and/or at times thru the DC Department of Healthcare Finance ("DHCF").

11.	Upon information and belief and at all times relevant hereto, Defendant as the municipal government had the authority to hire, fire, and discipline the providers of disability services, including Plaintiff herein.

12.	Upon information and belief and at all times relevant hereto, Defendant District is an employer as that term is defined by the District of Columbia Human Rights Act of 1977, D.C. Code §2- 1401.02 (Amended 2007).

### BACKGROUND FACTS APPLICABLE TO ALL COUNTS

13.	Concurrently, as of August 13, 2013, Plaintiff ADTI and numerous similarly situated Waiver Services Providers were listed on the District's "Do Not Refer List" and "Provider Watch List", for selective enforcement of Waiver rules violations on the basis of discrimination.  See Exhibit A attached to the Motion for TRO filed simultaneously herewith.

14. The "Do Not Refer List" has a total of 20 units, approximately 14 of which are owned by elderly providers. Seventy percent of the providers have Evans class members. .

15. The "Provider Watch List" has 6 units, approximately 4 of which are owned by elderly providers. One Hundred percent of the providers have Evans class members.

16. The total population of all the census tracts in which the disability waiver services providers operate is 15% Elderly (over 60 years old).

17. On or about July 22, 2013, although Plaintiff ADTI had for three (3) years undergone and received "EXCELLENT" scores (with a grade of 100%) in most instances, Defendant informed Plaintiff that it would be subject to a "Provider Oversight Monitoring Review" commencing on July 29, 2013. Upon information and belief, Defendant through its management employees selected Plaintiff for monitoring pursuant to it's arbitrary in-house employee retention and elimination procedures. See attached letters at Exhibit B.

18. Upon information and belief, the District considered Plaintiff's age and number of Evans class members served, when it designed, established and implemented the employee/provider retention and elimination [sic Provider Oversight Monitoring Review] procedures used to carry out the DO NOT REFER LIST for Waiver services providers.

19. Upon information and belief the DO NOT REFER LIST based on PCR review results had a disparate impact on those employee/providers over forty years of age who are employed by DDS.

20. The District has not exercised its discretion to close only the portions of waiver services providers where is has been clearly determined to be imminently dangerous to the disabled individuals health and safety.

21. On September 19, 2013, weeks after it had demanded that Plaintiff go through a Provider Oversight Monitoring Review, the District issued written notices to Plaintiff that must undergo a "Payroll audit", and in the face of increasing public scrutiny regarding the Plaintiff was in compliance with all District wage laws.

22. Despite receiving clear evidence of the inaccuracy of the District's request for a payroll audit, by Plaintiff's independent counsel; Drinker, Biddle & Reath, the District has continued with its payroll audit of Plaintiff as a form of continuous harassment. See Attorneys letter attached hereto. See Exhibit C.

23. On July 1, 2013, weeks before the District had demanded Plaintiff be put on Provider Oversight Monitoring Review, and the District had commenced a payroll audit of Plaintiff, Plaintiff received written notice demanding that the ADTI building required a second Certificate of Occupancy and that until ADTI received the 2nd Certificate of Occupancy- no individuals would be referred to ADTI. See Exhibit D.

24. Upon information and belief, on August 1, 2013, weeks after the District had 1) ordered Plaintiff to go thru "Provider Oversight Monitoring Review", 2) ordered Plaintiff to be subject to a complete payroll audit, 3) demanded Plaintiff secure a second Certificated of Occupancy for its premises and terminated all referrals of new individuals to ADTI; the District forwarded its FY13 Third Quarter Provider Report Card to Plaintiff replete with patent errors regarding Plaintiff's handling of "incident reports". See copy of letter attached at Exhibit E.

25. Upon information and belief, and at all times relevant hereto, on October 19, 2012, the District forwarded Plaintiff a written letter from DHFC Director, Wayne Turnage, terminating all fee for service treatment services. This termination of providers services and the

related fees has caused Plaintiff significant economic loss and financial hardship. Exhibit F.

26. Upon information and belief, Defendant considered ADTI's owners ages, the number of Evans class members at ADTI and the owner's national origin, when it designed, established, and implemented the PCR Review Policies and Procedures, and is attempting to utilized the same to carry out a reduction in force/reduction of Waiver service providers in the District of Columbia.

27. Plaintiff charges that the District's continued acts of aggression against ADTI, to be furthered by the PCR Review process, constituted aged discrimination against Plaintiff and all providers similarly situated, in violation of the ADEA, in that Defendant wrongfully and illegally terminated Plaintiff from employment, in the form of provider services terminated, because of their age and national origin.

28. As a result of the District's actions, the Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer, and will in the future, suffer irreparable pecuniary and injury including, a deprivation of its rights to equal waiver services opportunities regardless of national origin and age, a deprivation of its to the provision of services and facilities in the District of Columbia, as well as economic loss, humiliation, embarrassment and emotional distress, as well as being deprived of Due Process; all of which is a violation of the Age Discrimination in Employment Act and DC Human Rights Act, D.C. Code §45-2584.

29. In engaging in the unlawful conduct as described, the District acted intentionally maliciously and with callous and reckless disregard of the rights of Plaintiff in violation of the Age Discrimination in Employment Act and District of Columbia Human Rights Act.

### Count I

(Violation of Age Discrimination in Employment Act)

30. Plaintiffs repeat the allegations of paragraphs 1 through 31. The District' actions as described discriminate against Plaintiff on the basis of national origin and in further violation of 42 U.S.C. §§3604 (a) and (b), and 42 U.S.C. 1983.

## Count II
### (Violation of D.C. Code §1-2515 and §1-2532)

31. Plaintiff repeats the allegations of paragraphs 1 through 30. The District' actions described discriminate on the basis of national origin and place of services rendered in violation of the District of Columbia Human Rights Act, D.C. Code §§1-2515 and 1-2532, to effect the discrimination which is sited, provoking the economic calamity suffered by Plaintiff, an African American male.

### Prayer for Relief

32. WHEREFORE, the Plaintiff prays that this Court grant ADTI the following relief:

(a) enter a declaratory judgment finding that the foregoing actions of the District violate sections 3604(a) and (b) of the Age Discrimination in Employment Act, sections 1-2515 and 1-2532 of the District of Columbia Human Rights Act, and section 1-2525 [the anti-retaliation section], as well as of the D.C. Code;

(b) enter a preliminary and permanent injunction directing the District to halt all PCR Reviews Plaintiff, ADTI;

(c) award compensatory damages in an amount to be determined by the jury that would fully compensate the Plaintiff for the economic loss, humiliation, embarrassment, and mental and emotional distress that has been caused by the conduct of the defendant alleged

herein **in an amount of TWENTY MILLION DOLLARS  ($ 20,000,000.00)**;

        (d)    award plaintiff its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and D.C. Code §1-2556; and

        (e)    order such other relief as this Court deems just and equitable.

### Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), the plaintiff demand a trial by jury of all issues triable by right.

Dated:  October 13, 2013

                                                          /s/ Randy McRae
                                                        Randy McRae, Esq.
                                                        10640 Campus Way So., Ste. 110
                                                        Largo, Md.   20774
                                                        (202) 421-7983
                                                        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ART AND DRAMA THERAPY INSTITUTE, INC.<br>Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _13-cv-01604<br>)<br>) |

### ORDER

Upon consideration of the Plaintiff's Motion for Temporary Restraining Order, any opposition thereto, and for cause shown, it is this _____ day of October, 2013,

Ordered, that the Motion is hereby Granted.

SO ORDERED.

_____
Judge
United States District Court

Copies:   Randy McRae, Esq.
          10640 Campus Way South, Suite 110
          Largo, Md. 20774

          Irvin B. Nathan, Esq. DC Attorney General
          441 4th Street, N.W.
          Washington, D.C. 20001

          Jessica Gray, Assistant DC Attorney General, DDS
          1125 15th Street, N.W., Fourth Floor
          Washington, D.C. 20005
          Jessica.gray@dc.gov

9